United States District Court
Eastern District of Michigan

United States of America,

    Plaintiff,

v.

Wendy Halstead Beard,

    Defendant.

Case No. 22-30439

Hon. Elizabeth E. Stafford

---

## Stipulation and Order to Adjourn the
## Preliminary Hearing and Find Excludable Delay

---

The parties stipulate and jointly move for an adjournment of the preliminary hearing and an ends-of-justice continuance under the Speedy Trial Act. In support, the parties state as follows:

The defendant made her initial appearance on the criminal complaint in this district on October 14, 2022, and was released on bond with various conditions. The preliminary hearing was adjourned once previously and is now scheduled to take place December 9, 2022. The parties are now seeking to adjourn this date by approximately sixty days to February 9, 2023.

This is a unique fraud case, involving the alleged conversion of dozens of rare photographs—primarily provided to the defendant on a consignment basis—many of which are now in government custody. The parties are engaged in

productive conversations in hopes of reaching a pre-indictment resolution. The parties anticipate that such a resolution, if reached, would also facilitate the prompt identification of the owners of as many of the photographs as possible, with an eye toward their eventual return. The government anticipates producing the first round of discovery within the next seven days, with an initial Rule 11 plea offer to follow shortly thereafter. Defense counsel will then need time to review the discovery materials and consider whether the government's proposed resolution is in the defendant's best interest.

If the parties' conversations ultimately result in a plea agreement, this will eliminate the need for this Court to conduct a preliminary hearing. Any pre-indictment plea agreement will also provide that the defendant waive her right to be prosecuted by indictment and thus eliminate the need for the government to seek an indictment and consume valuable grand jury resources.

Considering the above, the parties submit that there is good cause to adjourn the preliminary hearing. Moreover, the defendant has consented to this adjournment, and the adjournment sought is of a limited duration. *See* Fed. R. Crim. P. 5.1(d) ("With the defendant's consent and upon a showing of good cause – taking into account the public interest in the prompt disposition of criminal cases – a magistrate judge may extend the time limits in Rule 5.1(c) one or more times.").

In addition, in light of the above, the parties submit that the ends of justice served by a continuance of the 30-day arrest-to-indictment period under the Speedy Trial Act will outweigh the best interest of the public and the defendant in a speedy indictment.  *See* 18 U.S.C. § 3161(h)(7) ("The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed: . . . (7) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel, or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy [indictment]."). Such a continuance would allow the parties time to engage in both discovery review and pre-indictment plea negotiations without strict time constraints and pursue an expeditious and fair resolution of the government's prosecution of the defendant.  It would also likely result in the conservation of judicial and prosecutorial resources by eliminating the need for a preliminary hearing and in the conservation of grand jury and prosecutorial resources by eliminating the need for the defendant to be prosecuted by way of a grand jury indictment.

Accordingly, the parties request that this Court find that there is good cause to adjourn the preliminary hearing in this case and order that the preliminary

hearing be adjourned from December 9, 2022, until February 9, 2023. The government also requests that this Court find, based on the information and explanation set forth above, that the ends of justice served by a continuance of the 30-day Speedy Trial Act arrest-to-indictment period will outweigh the best interest of the public and the defendant in a speedy indictment.

The parties request that this ends-of-justice continuance begin on December 9, 2022, and continue through February 9, 2023, and that that period be deemed excludable delay pursuant to 18 U.S.C. § 3161(h)(7).

Respectfully submitted,

DAWN N. ISON
United States Attorney

| *s/Ryan A. Particka* | *s/Steve Fishman (w/ consent)* |
|---|---|
| Ryan A. Particka | Steven Fishman |
| Assistant United States Attorney | 615 Griswold, Suite 1120 Detroit, MI |
| 211 W. Fort Street, Suite 2001 | 48226 (313) 920-2001 Email: |
| Detroit, MI 48226 | sfish6666@gmail.com |
| (313) 226-9635 | |
| ryan.particka@usdoj.gov | |

4

United States District Court
Eastern District of Michigan

United States of America,

    Plaintiff,

v.

Wendy Halsted Beard,

    Defendant.

Case No. 22-30439

Hon. Elizabeth E. Stafford

### Order Adjourning the
### Preliminary Hearing and Finding Excludable Delay

The Court has considered the parties' stipulation and joint motion to adjourn the preliminary hearing, for a continuance of the 30-day Speedy Trial Act arrest-to-indictment period, and for a finding that the time period from December 9, 2022, to February 9, 2023, qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7).

The parties' reasons for the requested adjournment and continuance are:

- This is a unique fraud case, involving the alleged conversion of dozens of rare photographs—primarily provided to the defendant on a consignment basis—many of which are now in government custody. The parties are engaged in productive conversations in hopes of reaching a pre-indictment resolution. The parties anticipate that such a resolution, if reached, would

also facilitate the prompt identification of the owners of as many of the photographs as possible, with an eye toward their eventual return. The government anticipates producing the first round of discovery within the next seven days, with an initial Rule 11 plea offer to follow shortly thereafter. Defense counsel will then need time to review the discovery materials and consider whether the government's proposed resolution is in the defendant's best interest.

- If the parties' conversations ultimately result in a plea agreement, this will eliminate the need for this Court to conduct a preliminary hearing. Any pre-indictment plea agreement will also provide that the defendant waive her right to be prosecuted by indictment and thus eliminate the need for the government to seek an indictment and consume valuable grand jury resources.

Having considered these reasons, the Court finds that there is good cause to adjourn the preliminary hearing and orders that it be adjourned to February 9, 2023. *See* Fed. R. Crim. P. 5.1(d).

In addition, for these same reasons, the Court finds that the ends of justice served by a continuance of the 30-day Speedy Trial Act arrest-to-indictment period will outweigh the best interest of the public and the defendant in a speedy indictment. *See* 18 U.S.C. § 3161(h)(7). Accordingly, the Court grants a

2

continuance until February 9, 2023, and orders that the period from December 9, 2022 to February 9, 2023 be deemed excludable delay pursuant to 18 U.S.C. § 3161(h)(7).

                                                s/Elizabeth A. Stafford
                                                Hon. Elizabeth A. Stafford
                                                United States Magistrate Judge

Dated: November 30, 2022